Filed 6/28/24  P. v. Torres CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B334587 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA091211) |
| v. | |
| JOSHUA MARLON TORRES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hilleri G. Merritt, Judge.  Affirmed.

Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

On December 12, 2018, the District Attorney of Los Angeles County filed an information charging defendant Joshua Marlon Torres with dissuading a witness by force or threat (Pen. Code, § 136.1, subd. (c)(1)[1]) (count 1), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)) (count 2), and battery with serious bodily injury (§ 243, subd. (d)) (count 3). As to counts 1 and 2, the information alleged that defendant personally inflicted great bodily injury on the victim. (§ 12022.7, subd. (a).) As to counts 1 through 3, the information alleged that defendant had a prior serious and/or violent felony conviction within the meaning of sections 667, subdivision (d) and 1170.12, subdivision (b); a serious felony conviction within the meaning of section 667, subdivision (a)(1); and two prior convictions within the meaning of section 667.5, subdivision (b).

On August 8, 2019, in exchange for a 10-year prison term, defendant entered a plea of no contest to count 1 and admitted that he personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)); he had a prior serious and/or violent felony conviction within the meaning of sections 667, subdivision (d) and 1170.12, subdivision (b); and he had a prior conviction within the meaning of section 667.5.

The trial court sentenced defendant to 10 years in prison, imposed certain assessments and fines, ordered defendant to pay the victim restitution, and awarded defendant 508 days of custody and conduct credit. The court dismissed counts 2 and 3.

On May 26, 2022, the trial court dismissed the section 667.5, subdivision (b) one-year prison term as a matter of law.

On September 18, 2023, defendant, represented by counsel, filed a motion for resentencing pursuant to section 1172.1. The

---

[1]     All further statutory references are to the Penal Code.

trial court denied the motion. Defendant timely filed a notice of appeal from the court's denial of his section 1172.1 motion.

We appointed counsel to represent defendant on appeal. On May 8, 2024, counsel filed an opening brief in which counsel did not identify any arguable issues and requested that we follow the procedure set forth in *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). On May 9, 2024, we notified defendant that appointed counsel had filed an opening brief that did not raise any issues and defendant had 30 days within which to submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments that he wished us to consider.

Defendant did not file a supplemental brief.

We have exercised our discretion to review the record in this postconviction matter (*People v. Delgadillo* (2022) 14 Cal.5th 216, 233) and are satisfied that defendant's appointed counsel has fully complied with her responsibilities and no arguable issues exist (*Wende, supra,* 25 Cal.3d at p. 441).

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

LEE, J.*

---

*     Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4